UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT K. RAINES,

    Petitioner,

v.                                            Case No. 8:11-cv-417-T-17TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Vincent K. Raines's untimely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) signed on February 15, 2011 and filed on February 28, 2011. Raines argues that his guilty plea, entered before the Thirteenth Judicial Circuit for Hillsborough County, Florida in case no. 89-CF-20755, was "constitutionally invalid." (Doc. 1 at 6). The State responded by filing a Motion To Dismiss (Doc. 5) on June 3, 2011. A review of the record and applicable law demonstrates that, for the following reasons, Raines's petition must be **denied**.

### BACKGROUND AND PROCEDURAL HISTORY

Respondent cites this Court's previous order (Exh. 1) denying Raines's first federal habeas petition as a source that adequately describes the background of this case. (Doc. 5 at 1). Given that Raines has not challenged this statement of the facts and procedural history, this Court adopts Respondent's recitation of the background of this case:

1

On January 10, 1990, the Hillsborough County State Attorney filed an information charging the petitioner with sale of a counterfeit controlled substance. On April 4, 1990, the petitioner pled guilty to the offense without a plea agreement. That same day the trial court adjudicated the petitioner guilty and sentenced him to two years of community control to be followed by three years of probation. On April 24, 1990, the Department of Corrections filed an affidavit of violation of probation against the petitioner. On April 27, 1990, the trial court revoked petitioner's community control and sentenced the petitioner to ten years of imprisonment as a habitual offender.

On May 24, 1990, the petitioner appealed to the Second District Court of Appeal. On appeal, the petitioner argued that 1) he was denied his due process right to an impartial judge because the habitual offender notice was signed by the sentencing judge prior to the sentencing hearing, 2) the trial court erred in sentencing him to community control as a habitual offender, and 3) the trial court erred in revoking his community control based upon petitioner's admission that he failed to remain confined in his residence. On April 1, 1992, the appellate court per curiam affirmed.

On August 31, 1992, the petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. In his motion, the petitioner argued that 1) his counsel was ineffective for failing to advise him that his prior convictions could be used to habitualize him, 2) his plea was not knowing and voluntary, and 3) he did not understand that his conviction for sale of a counterfeit controlled substance, with other prior convictions, could be used to habitualize him. On January 7, 1993, the trial court denied the motion. The petitioner did not appeal the trial court's ruling.

On February 17, 1994, the petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800, Fla. R. Crim. P. In his motion, the petitioner stated that 1) his habitual felony offender sentence was illegal because it exceeded the one cell bump allowed by state law, 2) the trial court erred in failing to provide written reasons for a departure sentence, and 3) the trial court erred in failing to give the petitioner prior notice of a habitual offender sentence. On March 21, 1994, the trial court denied the motion. The petitioner appealed. The appellate court per curiam affirmed.

On August 19, 1993, the petitioner filed a second post-conviction motion pursuant to Rule 3.850. In the motion, the petitioner alleged that 1) the trial court erred in accepting his guilty plea in violation of the Florida and United Sates [sic] Constitutions, 2) the trial court erred in failing to make an adjudication of guilt before sentencing the petitioner, and 3) the trial court erred in sentencing the petitioner as a habitual offender without first making the various findings required by § 775.084, Fla. Stat. (1993). On August 22, 1993, the trial court denied the motion as successive and ruled that the petitioner was procedurally barred from

2

raising new arguments in a Rule 3.850 motion. The petitioner appealed. The appellate court per curiam affirmed.

The petitioner allege[d] as grounds for [his first federal habeas] petition [filed June 24, 1996] that 1) the trial court erred in accepting his guilty plea without inquiring into his understanding of the consequences of his plea, 2) the trial court erred in failing to make an adjudication of guilt before sentencing the petitioner, 3) the trial court erred in sentencing the petitioner as a habitual offender without first making the findings required by Florida law, 4) the trial court erred in finding that his second Rule 3.850 motion was successive, 5) his counsel was ineffective, 6) the trial court erred in sentencing the petitioner to ten years of imprisonment as a habitual offender when his violation of the terms of his community control was not willful, and 7) the trial court erred in departing from the Florida Sentencing Guidelines without giving written reasons for the departure.

(Exh. 1 at 1–4).

On July 27, 1999, this Court denied Raines's first federal habeas petition. *Id.* at 11.

On December 16, 2000, Raines completed the ten-year term of incarceration imposed in Hillsborough County case no. 89-CF-20755, the case that Raines challenges in the instant petition. (Exh. 2 at 1). However, he remained in prison to complete a two-year term imposed in Alachua County case no. 99-2865. *Id.* On July 22, 2001, Raines was released from the custody of the Florida Department of Corrections to a probationary term imposed in Alachua County case no. 99-2865, having completed his sentence in full as to Hillsborough County case no. 89-20755. *Id.* at 2. Following, Raines was incarcerated again, this time in connection with Alachua County cases no. 04-2213 and 04-2304. *Id.*

On April 17, 2007, Raines filed a petition for writ of habeas corpus with the state trial court. (Exh. 3A). Subsequently, having satisfied his state sentence in full, with no supervision to follow, on July 20, 2007, Raines was released to the United States Marshals Service in

Gainesville, Florida on a detainer. (Exh. 2 at 2). The Marshals Service transported Raines to the Board of Prisons.

The state trial court denied the April 17, 2007 petition for writ of habeas corpus on November 20, 2007. (Exh. 3B). Raines appealed the judgment to the second district court of appeal. The appellate court affirmed the denial of relief (Exh. 4C), determining that although the habitual felony offender portion of his sentence may have been improper, relief was not possible because Raines had served the challenged state sentence in full, and was in federal custody at all relevant times. *Raines v. State*, 14 So. 3d 244 (Fla. Dist. Ct. App. 2009), *review denied*, 29 So. 3d 1118 (Fla. 2010).

On February 28, 2011, Raines filed the instant petition, claiming that his plea in Hillsborough County case no. 89-CF-20755 was improper for three reasons: (1) the state trial judge improperly participated in plea negotiations; (2) Raines's counsel was ineffective by failing to discuss the consequences of the plea with him; and (3) Raines was not present at the beginning of the plea hearing. (Doc. 1 at 6).

## DISCUSSION

### Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

4

claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2).

Raines's judgment became final before AEDPA became effective on April 24, 1996. Although Raines initiated several direct appeals, any appellate review was dismissed on July 5, 1990, or completed on August 4, 1994. (Exh. 6 at 7, 5). Thus, the one-year limitations period began running on AEDPA's effective date, and Raines had until April 24, 1997 (in the absence of tolling) to file a federal habeas petition. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002). Raines did not file the instant petition within that period of time.

In addition, all of the post-conviction motions that Raines filed pursuant to Fla. R. Crim. P. 3.850 and 3.800 were resolved by May 11, 1995. (Exh. 6 at 4). Because these motions were resolved before AEDPA's effective date, they did not toll the running of the one-year period. After the motions were resolved, the case remained idle until January 20, 2000, when Raines filed a Petition for Writ of Coram Nobis, which was denied on July 17, 2000 and affirmed on appeal on July 1, 2001. *Id.* at 3–4. Following this, the case remained idle until April 20, 2007, when Raines filed a state petition for writ of habeas corpus (Exh. 3A), which the state trial court denied on November 20, 2007 (Exh. 3B) and the second district court of appeal affirmed on different grounds on May 1, 2009. (Exh. 4C). These two petitions also did not toll the running of the one-year period because Raines filed them after the one-year period had run. *See Tinker v. Moore*, 255 F. 3d 1331, 1333 (11th Cir. 2001) (properly filed state court collateral pleading filed after expiration of limitations period cannot toll that period because there is no period remaining to be tolled). Consequently, the present federal petition, signed and filed in 2011, is time-barred.

**Petition Is Successive and Without Authorization**

AEPDA also amended 28 U.S.C. § 2254 by placing limits on the filing of second or successive petitions. In pertinent part, this amendment provides that before a second or successive application for habeas corpus relief may be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The instant petition is successive. Raines filed a prior federal habeas petition on June 24, 1996, in which he attacked the same judgment of conviction and sentence. This Court denied that petition, determining that each asserted ground was either procedurally barred or without merit. (Exh. 1).

Although Raines filed the instant petition after the enactment of the aforedescribed amendment, and the present petition is clearly a second or successive petition, Raines has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application. Thus, Raines did not comply with 28 U.S.C. § 2244(b)(3)(A), and the instant petition must be dismissed as successive.

## The Court Lacks Jurisdiction

Raines challenges the judgment and sentence he received in Hillsborough County case no. 89-CF-20755. However, he completed the term of incarceration associated with that case on December 16, 2000. (Exh. 2 at 1). Thereafter, he remained in prison to complete a term imposed in Alachua County case 99-2865 and was released on July 22, 2001, having fully satisfied his sentence in the Hillsborough County case, with no supervision to follow. *Id.* at 2. Thus, Raines has completely served the sentence imposed in the challenged case. The sentence expired on July 22, 2001, at the latest, and before Raines signed the instant petition on February 15, 2011.

It appears that Raines is arguing, as he has in the past, that this Court has jurisdiction because the conviction he is challenging may have enhanced the federal sentence he is currently serving. *Raines v. State*, 14 So. 3d 244, 244 (Fla. Dist. Ct. App. 2009), *review denied*, 29 So. 3d 1118 (Fla. 2010) ("[Raines] claimed in his petition [for writ of habeas corpus filed with the state trial court] that the 1990 state sentence had affected a 1994 federal sentence, which he is currently serving in federal prison."). However, in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403 (2001), the Supreme Court held that once a state conviction is no longer open to direct or collateral attack in its own right because petitioner failed to pursue those remedies while they were available, or because petitioner did so unsuccessfully, the conviction may be regarded as conclusively valid. *Id.* at 403–04. Therefore, if that conviction is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Id.* While the Supreme Court recognized an exception to this rule,[1] it does not apply to Raines's case.

Because Raines is neither "in custody" as a result of the challenged state court judgment, nor any state court judgment, as required by 28 U.S.C. § 2254(a), this Court does not have jurisdiction over his habeas petition. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding petitioner is not "in custody" under a conviction after the sentence has expired just because the prior conviction is used to enhance a subsequent sentence).

Accordingly, the Court orders:

---

[1] Cases in which the prior conviction used to enhance the defendant's sentence was obtained without the benefit of counsel, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), fall within this exception. *Lackawanna*, 532 U.S. at 404.

(1) That Raines's petition for writ of habeas corpus is dismissed as time-barred and successive. In addition, this Court lacks jurisdiction over the petition.

(2) That, if within 30 days of the date of this order, Raines can provide evidence to demonstrate that this Court has jurisdiction over this petition and that the petition is timely and not successive, the Court will entertain a motion to reopen this case.

ORDERED at Tampa, Florida, this _____ day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE